**Richard C. CRAW, Plaintiff,**

v.

**Paul GRAY, et al., Defendants.**

**No. 3:99 CV 7751.**

United States District Court, N.D. Ohio, Western Division.

April 4, 2001.

---

Amy B. Ikerd, Office of the Mercer County Prosecutor, Celina, OH, William S. McCready, Ritter, Robinson, McCready & James, Toledo, OH, for Jerrold Wolford, Paul Gray.

William H. White, Lima, OH, for Richard C. Craw.

## ORDER

CARR, District Judge.

This is a civil rights case in which plaintiff Richard C. Craw alleges that defendant Sheriff Jerrold L. Wolford ("Wolford") used excessive force when booking plaintiff at the Mercer County Jail in violation of 42 U.S.C. § 1983 and that Wolford and two unnamed guards failed to obtain proper and timely medical treatment for plaintiff. Additionally, plaintiff alleges that defendant Sheriff Paul Gray ("Gray") is liable for Wolford's actions under the theory of respondeat superior. Jurisdiction arises under 28 U.S.C. § 1331. Pending is defendants' motion for partial summary judgment. (Doc. 17). For the following reasons, defendants' motion shall be granted.

## I. FACTS

Plaintiff is a resident of Mendon, Ohio. (Doc. 1 at 2). On February 25, 1998, plaintiff was transported to the Mercer County Jail by Wolford. (*Id.* at 3). En route to the jail, plaintiff, who was handcuffed in front, was cursing and angry about his arrest. (Doc. 21 at 37, 38, 42).

Wolford's vehicle arrived at the jail at approximately 11:20 a.m. (Doc. 19 at 7). Wolford opened the right rear door of the cruiser at which time plaintiff exited the vehicle and proceeded to the booking door. (*Id.* at 9).

Correction Officer Scott buzzed and unlocked the booking door. (Doc. 21 at 43). Plaintiff grabbed the doorknob and flung the door open. (Doc. 19 at 10). Plaintiff alleges that Wolford was behind him when he opened the door, therefore, it was impossible for Wolford to be struck by the door. (Doc. 25). Defendants contend that the door struck a wall and bounced back nearly striking Wolford. (Doc. 19 at 11).

Plaintiff alleges that Wolford became angry for an unknown reason and slammed the plaintiff into the booking counter. (Doc. 25). Defendants contend that as a result of plaintiff's conduct and in an effort to maintain order in the jail, Wolford approached plaintiff from behind and attempted to keep him off balance by leaning him across the booking counter. (Doc. 19 at 12).

As a result of this altercation, which occurred at or around 11:30 a.m., plaintiff suffered a right hip fracture dislocation. (Doc. 17 at 5). At 11:52 a.m., the EMT unit from the Celina Fire Department was dispatched to the jail to render medical assistance to plaintiff. (Doc. 20 at 18). The EMT unit arrived at 11:54 a.m. (Doc. 20 at 19). At 12:02 p.m., plaintiff was transported from the jail to the Coldwater Hospital. (Doc. 20 at 20). Plaintiff arrived at the emergency room of Coldwater Hospital at 12:16 p.m. and was treated for his injuries. (Doc. 20 at 22). He was released from the hospital the following day, February 26, 1998. (Doc. 21 at 63).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleading or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### B. Respondeat Superior

■ To establish a § 1983 claim against an individual public official, two elements are required: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of a federally protected right, either constitutional or statutory. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

■ Vicarious liability is not imposed under 42 U.S.C. § 1983 "solely on the basis of an employment relationship between a governmental agency and a tortfeasor." *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561, (1976) ("A municipality cannot be held liable under § 1983 on a respondeat superior theory.").

■ A political subdivision "cannot be found liable unless the plaintiff can establish that an officially executed policy, or the toleration of a custom within the … [department] leads to, causes or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty. Tenn.,* 103 F.3d 495, 507 (6th Cir.1996) (*citing Monell v. Dept. of Social Servs. of the City of New York,* 436 U.S. 658, 690–1, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). There is no allegation that Sheriff Gray personally caused plaintiff's injuries. He cannot, therefore, be held liable under *Rizzo.* Similarly, the county cannot be held liable under *Monell,* because there has been no showing of a custom or policy of excessive force against prisoners.

■ Plaintiff asserts that Sheriff Gray is liable for the alleged constitutional deprivation because he failed to adequately train and supervise Wolford. I disagree.

■ To support a claim for inadequate training or supervision, "the plaintiff must prove that the training program [or supervision] is inadequate to the tasks that officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *City of Canton v. Harris,* 489 U.S. 378, 389–90, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Hill v. McIntyre,* 884 F.2d 271, 275 (6th Cir.1989).

■■ A governmental entity must have "actual or constructive notice of a need for additional training [or supervision]." *Harris* 489 U.S. at 398, 109 S.Ct. 1197. "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city … neither will it suffice to prove an injury could have been avoided if an officer had better or more training." *Id.* at 390–91, 109 S.Ct. 1197.

Plaintiff offers no evidence that the training program used by Sheriff Gray is inadequate to the tasks that Wolford must perform. By merely asserting that each educational program will affect each individual differently, plaintiff has failed to provide any basis for a claim of inadequate training.

■ With respect to the claim for inadequate supervision, plaintiff refers to several use of force incident reports involving the defendant Wolford in the past. Despite the number of those reports, none of the reports shows the deputy to have acted improperly, and they were not such as to put Sheriff Gray on notice that the deputy would use excessive force in the future and cause injuries to an arrestee. Therefore, defendants' motion for partial summary judgment shall be granted.

### C. Improper Medical Attention

■ Plaintiff claims that the defendants failed to respond adequately to his

injuries. To prevail on such claim, plaintiff must show that the defendant knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). ("Where prison [or jail] officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment.") *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir.1994).

 To determine whether [government] "officials acted with 'deliberate indifference' has an objective and subjective component." *Napier v. Madison County,* 238 F.3d 739, 741 (6th Cir.2001). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious.'" *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "To satisfy the subjective component, inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id.* at 867. "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier,* 238 F.3d at 741.

Plaintiff alleges that Wolford was deliberately indifferent to his medical needs because Wolford did not immediately respond to his complaints of pain. I disagree. The contact between Wolford and plaintiff occurred shortly after 11:20 a.m. At 11:52 a.m. an Emergency Medical Technician (EMT) unit was dispatched to the

jail. The EMT unit arrived at 11:54 a.m. and transported plaintiff to Coldwater Hospital. This sequence of events is insufficient to show that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Gaudreault v. Mun. of Salem, Mass.,* 923 F.2d 203 (1st Cir.1990) (delaying medical treatment for ten hours after detainee's request is not considered deliberate indifference to detainee's medical needs). Therefore, defendants are entitled to summary judgment.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED THAT** defendants' motion for partial summary judgment be, and the same hereby is, granted.

**So ordered.**